**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2002-23

S.K.,[1]

     Complainant-Appellant,

v.

NEWPORT GARDENS
CONDOMINIUM ASSOCIATION
AND THOMPSON REALTY
COMPANY,

     Respondents-Respondents.

_____

Argued February 25, 2025 – Decided May 1, 2025

Before Judges Sumners and Perez Friscia.

On appeal from the New Jersey Division on Civil Rights, Department of Law and Public Safety, Docket No. H2022-000139.

S.K., appellant, argued the cause pro se.

---

[1] Because this appeal refers to appellant's medical condition, initials are used in place of appellant's full name. See N.J.A.C. 13:4-10.2(f).

William A. Thompson III argued the cause for respondents Newport Gardens Condominium Association and Thompson Realty Company (Callaghan, Thompson & Thompson, PA, attorneys; William A. Thompson III, on the brief).

Jillian Lewis Ollwerther, Deputy Attorney General, argued the cause for respondent New Jersey Division of Civil Rights (Matthew J. Platkin, Attorney General; Donna Arons, Assistant Attorney General, of counsel; Jillian Lewis Ollwerther, on the brief).

PER CURIAM

In January 2020, complainant S.K. settled her New Jersey Division on Civil Rights (Division) discrimination complaint against respondent Newport Gardens Condominium Association, manager of the condominium complex where she rents and resides in a condominium. The consent order required Newport Gardens to pay damages to S.K. and a penalty to the Division and also allowed S.K. to keep two emotional support animals (ESAs) in her rented condominium — a departure from Newport Garden's policy allowing renters to have just one pet. The order also directed Newport Gardens to "take all necessary action to protect [S.K.] from harassment by residents at Newport Gardens. Notwithstanding any other policies, [S.K.] may report any harassing conduct directly to [r]espondents' counsel, William Thompson, Esq."

Over two years later, in March 2022, S.K. filed a new complaint with the Division, naming Newport Gardens and Thompson Realty Company as respondents. Her complaint alleged "[r]etaliatory harassment because [she] filed a discrimination or harassment complaint under the LAD internally, with an agency, or in court." The complaint specifically alleged:

> [C]ondo owner Frank Yanuk told her that owners do not want those utilizing a Section 8 Voucher to live in the condo. [S.K.] alleges that he has called her a "scam artist," "lazy", and [told her] to get a job. [S.K.] alleges that owner Clark Hindelang has stomped his feet and beeped a horn in his unit to annoy [S.K.]. [S.K.] alleges that Hindelang refused to cease making these noises and told her to "enjoy it."

S.K. sought "affirmative relief, and compensatory damages for economic loss, humiliation, mental pain and suffering."

In investigating the new complaint, the Division considered: an interview with S.K.; various police reports, including a police report involving a dismissed petty disorderly person's offense of harassment filed against S.K. by a fellow Newport Gardens resident; S.K.'s personal journal entries about incidents with other Newport Gardens residents arising from April 2022 to February 2023; documents related to S.K.'s initial discrimination complaint; and S.K.'s September 2022, November 2022, and January 2023 email exchanges with

Thompson, the owner of respondent Thompson Realty Company, regarding S.K.'s harassment complaints against Newport Gardens residents.

The Division also considered Newport Gardens' claim that it does "not have the authority nor the ability to control the individual speech or actions of unit owners." Newport Gardens maintained it referred owner-tenant disputes to police officers and tenant-tenant disputes to the unit owner.

On March 3, 2024, the Division issued its final agency decision. The Division determined that S.K.'s complaint was rooted in allegations that respondents subjected her to reprisals in violation of the Law Against Discrimination (LAD), N.J.S.A. 10:5-12(d), because she alleged that "[r]espondents permitted some of her neighbors to subject her to discriminatory statements because she receives rental assistance — a source of lawful income." The Division viewed the complaint under the lens of our Supreme Court's ruling in Quinlan v. Curtiss-Wright Corp., that the LAD's anti-retaliation provision is an "essential aspect of the LAD" and "is broad and pervasive, and must be seen as necessarily designed to promote the integrity of the underlying anti-discrimination policies of the [LAD]." 204 N.J. 239, 259 (2010) (quoting Craig v. Suburban Cablevision, Inc., 274 N.J. Super. 303, 310 (App. Div. 1994), aff'd, 140 N.J. 623 (1995)). This proscription is effectuated when an individual

reported, objected to, or opposed any conduct in violation of the LAD. N.J.S.A. 10:5-12(d); N.J.A.C. 13:4-12.1.

The Division reasoned that:

> Even assuming that the comments were made [by Newport Gardens residents] and that they rise to the level of unlawful harassment, the investigation found no evidence showing that [Newport Gardens] knew or should have known about the alleged harassment. The evidence shows instead that while [S.K.] complained to [Newport Gardens] about a variety of issues, she did not complain about the alleged harassment.

The agency thus concluded that S.K. failed to establish probable cause that respondents subjected her to reprisals for previously asserting her rights under the LAD.

Before us, S.K. merely repeats her allegations that Newport Gardens continues to violate both the LAD and consent order, and that respondents have not acted in good faith to resolve her disputes with her Newport Garden neighbors. She fails to show how the alleged harassment she experienced was in retaliation for her settled LAD complaint. Simply put, S.K. does not explain how the Division's decision was arbitrary, capricious, or unreasonable or not supported by credible evidence. See N.J. Soc'y for Prevention of Cruelty to Animals v. N.J. Dep't of Agric., 196 N.J. 366, 384-85 (2008) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980))

(holding we generally defer to final agency actions, only "reversing those actions if they are 'arbitrary, capricious or unreasonable or [if the action] is not supported by substantial credible evidence in the record as a whole.'"). We therefore affirm substantially for the reasons set forth by the Division in its written decision.

To the extent we have not addressed any of S.K.'s arguments, we conclude they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2002-23